IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOÑA ANA MUTUAL DOMESTIC
WATER CONSUMERS ASSOCIATION,

      Plaintiff,

vs.                                      No. CIV 02-0122 RB/KBM

CITY OF LAS CRUCES, NEW
MEXICO,

      Defendant.

## MEMORANDUM OPINION

**THIS MATTER** came before the Court on Defendant's (City's) Motion Pursuant to Paragraph 8 of the Parties' Agreement of Compromise, Settlement and Release to Determine Legal Liability of the City to Pay a Portion of Utility Relocation Cost as a Result of Construction (Doc. 50), filed July 23, 2003. Having reviewed the submissions of the parties and the relevant law, the Court finds that the City's Motion should be granted.

**I.**    **Background.**

Plaintiff (Doña Ana) is a non-profit association formed in accordance with New Mexico law for the purpose of providing water service within its service area. (First Am. Compl. ¶ 3.) The City is a municipality that owns and operates water treatment and distribution facilities. (*Id.* ¶ 4.) Doña Ana is indebted to the federal government for loans obtained pursuant to 7 U.S.C. §1926(a) for the purpose of constructing water facilities to meet the needs of residents within its service area. (*Id.* ¶ 5.)

In its First Amended Complaint, Doña Ana alleged that the City had served some of Doña Ana's customers and that the City had challenged Doña Ana's application to drill a replacement well

in violation of §1926(b).  (First Am. Compl. ¶¶ 6; 11.)  Doña Ana asserted claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act), and requested damages, attorney fees, costs, a declaratory judgment, injunction, and imposition of a constructive trust.  (*Id*.)

The City counterclaimed for a declaration that Doña Ana was not entitled to §1926(b) protection, that Doña Ana had installed pipes on City property without a valid easement, and that Doña Ana did not have water rights to provide water.  (Countercl.)

On May 23, 2003, the parties filed a Motion to Enter Agreed Judgment Pursuant to Settlement Agreement.  The Judgment, issued May 30, 2003, incorporated the Settlement Agreement and expressly provided that the court would retain jurisdiction to resolve disputes relating to the Settlement Agreement, including the issue of whether "the City, as part consideration for settlement of this litigation, can legally agree to pay a portion of the costs incurred to relocate [Doña Ana's] facilities."  (Doc. 47.)

Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367.  *See Kokkonen v. Guardian Life Ins., Co.,* 511 U.S. 375, 381 (1994) (district court can retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement).

**II.     Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable

inferences in the light most favorable to the non-moving party. *Id*.

**III.    Analysis.**

    **A.    Whether the City can legally pay part of the cost incurred to relocate Doña Ana's facilities placed within the City's right of way, should the City require such relocation.**

New Mexico follows the common law rule that the right of a utility to use a municipal street is subject to the right of the municipality to require the utility to relocate its lines when necessary at the utility's expense. *City of Albuquerque v. New Mexico Public Regulation Comm'n*, ___ N.M. ___, ___, 79 P.3d 297, 301 (2003). The New Mexico Supreme Court has stated:

> At common law, the right of a utility to use the streets is subject to the right of the municipality to require the utility to relocate its lines and facilities when necessary, because of changes in street locations or improvements, or as otherwise required in the interest of the public health and welfare. In the absence of a valid ordinance or statute to the contrary, such removal of facilities must be accomplished at the expense of the utility.

*S. Union Gas Co. v. City of Artesia*, 81 N.M. 654, 655, 472 P.2d 368, 369 (1970).

The rationale for this rule rests on the municipality's police power. *State, ex rel. State Highway Comm'n v. Town of Grants*, 66 N.M. 355, 359, 348 P.2d 274, 276 (1960). In the exercise of its police power, a municipality may limit the use of private property in order to advance the public welfare. *Id*. Consistent with this policy, the rule applies only to improvement projects necessitated by the public health and welfare. *City of Albuquerque*, ___ N.M. at ___, 79 P.3d at 301. Consequently, a municipal project based solely on aesthetics does not require the utility to bear relocation costs. *Id.*

The rule that the utility must pay relocation costs may be curtailed by the applicability of a valid ordinance or statute to the contrary. *S. Union Gas Co.*, 81 N.M. at 654, 655, 472 at 369.

3

Moreover, relocation costs may not be imposed if such imposition would interfere with an established public policy on a matter of statewide concern. *City of Albuquerque,* ___ N.M. at ___, 79 P.2d at 302-03 (observing that local governments cannot use their police power in a manner that would detrimentally affect utility rates for the state as a whole). Doña Ana has not cited, and research has not revealed, a valid statute, ordinance or an established public policy on a matter of statewide concern that would alter the common law rule.

Doña Ana claims that the common law rule requiring the utility to pay relocation costs is inapplicable because the City agreed to pay one half of the relocation costs in the Settlement Agreement. This argument is unsupported by the plain language of the Settlement Agreement and the law. The Settlement Agreement states that the parties disputed the issue of whether the City was legally able to pay part of the relocation costs. (Pl. Ex. 1 ¶ 8). This language does not evince an agreement to pay; it indicates that the City wanted a judicial ruling on the matter. Under New Mexico law, a municipality cannot bargain away its police power. *Farnsworth v. City of Roswell*, 63 N.M. 195, 205, 315 P.2d 839, 846 (1957). Accordingly, Doña Ana's argument that the City agreed to pay half the relocation costs is unsupported by the law or the facts.

Doña Ana argues that three New Mexico statutes authorize the City to pay relocation costs; NMSA 1978, §§ 3-6-33; 3-60-28; and 67-8-15. Sections 3-6-33 and 3-60-28 authorize a municipality to pay relocation costs for projects involving urban renewal or community development. Doña Ana has not made any showing that there is any urban renewal or community development in the area in question. Section 67-8-15 requires the New Mexico State Highway Department to pay relocation costs in connection with state highway projects. This section is inapplicable to the matter at hand. Similarly, Dona Ana's Anti-Donation Clause argument is wholly irrelevant because it does

not address the issue of whether a valid statute, ordinance or a matter of statewide public policy exists that would negate the applicability of the common law rule.

**V.      Conclusion**

There is no genuine issue of material fact that the City is not authorized to legally pay part of the cost incurred to relocate Doña Ana's facilities placed within the City right of way, should public health and welfare require such relocation.  The City's Motion should be granted.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion Pursuant to Paragraph 8 of the Parties Agreement of Compromise, Settlement and Release to Determine Legal Liability of the City to Pay a Portion of Utility Relocation Cost as a Result of Construction (Doc. 50), filed July 23, 2003, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant will not be liable for relocation costs in connection with municipal improvement projects necessitated by public health and welfare, unless authorized by an applicable statute, ordinance, or an established public policy on a matter of statewide concern.

**A JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION AND ORDER SHALL ISSUE FORTHWITH.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**