# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOÑA ANA MUTUAL DOMESTIC
WATER ASSOCIATION,

      **Plaintiff,**

vs.                                                    No. CIV 02-0122 RB/KBM

CITY OF LAS CRUCES,
NEW MEXICO,

      **Defendant.**

AND

MOONGATE WATER COMPANY, INC.,

      **Intervenor.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Plaintiff's ("Doña Ana's") and Defendant's ("City's") Joint Motion to Enter Supplemental Judgment Pursuant to the Parties' Second Addendum to the Settlement Agreement (Doc. 83), filed on November 22, 2005, Intervenor's ("Moongate's") Motion for Summary Judgment (Doc. 102), filed on March 20, 2006, and City's Motion to Strike Exhibits (Doc. 116), filed on April 17, 2006. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367.[1]

      Having reviewed the submissions, and being otherwise fully advised, I hereby grant Moongate's motion for summary judgment, deny City's motion to strike, and deny the joint motion to enter supplemental judgment.

---

[1] *See Kokkonen v. Guardian Life Ins., Co.,* 511 U.S. 375, 381 (1994) (district court can retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement).

**I. Background.**

Doña Ana is a non-profit association formed in accordance with New Mexico law for the purpose of providing water service within its service area.  Doña Ana is indebted to the federal government for loans obtained pursuant to 7 U.S.C. § 1926(a) for the purpose of constructing water facilities to meet the needs of residents within its service area.  Doña Ana is regulated by the New Mexico Public Regulatory Commission ("NMPRC").  *See* N.M. Stat. Ann. §§ 62-3-3(E); 62-6-4 (Michie 2004).

City is a municipality that owns and operates water treatment and distribution facilities.  City is neither indebted to the federal government pursuant to 7 U.S.C. § 1926(a), nor subject to regulation by the NMPRC.  *See* N.M. Stat. Ann. §§ 62-3-3(E); 62-6-4.

Moongate is a public utility incorporated under New Mexico law and regulated by the NMPRC.  *See* N.M. Stat. Ann. §§ 62-3-3(E); 62-6-4.  Moongate is not indebted to the federal government pursuant to 7 U.S.C. § 1926(a).

In its First Amended Complaint, filed on August 15, 2002, Doña Ana claimed § 1926(b) protection[2] with respect to an area designated in the First Amended Complaint as its "Service Area" and "Extended Service Area," which were identified on Exhibits 1 and 2 to the First Amended Complaint.  Doña Ana asserted claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202.

City counterclaimed for a declaration that Doña Ana was not entitled to § 1926(b) protection in the "Service Area" and "Extended Service Area," that Doña Ana had installed pipes on City property without a valid easement, and that Doña Ana did not have water rights to provide water.

---

[2] Section 1926(b) provides that "[t]he service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body." 7 U.S.C. § 1926(b).

On May 23, 2003, City and Doña Ana filed a Motion to Enter Agreed Judgment Pursuant to Settlement Agreement. The Judgment, issued on May 30, 2003, incorporated the Settlement Agreement and expressly provided that this Court would "retain jurisdiction to resolve any dispute between the parties relating to the [Settlement Agreement]." (Doc. 47.)

The stated intent of the Settlement Agreement is to settle all disputes between Doña Ana and City regarding Doña Ana's service area, as defined by Exhibit A to the Settlement Agreement. (Settlement Agreement at 1.) The Settlement Agreement specifically states that it is not binding on Moongate. In addition to the preamble, however, three areas of the Settlement Agreement mention Moongate: Paragraphs 1 & 3, and the release.

Paragraph 1 of the Settlement Agreement states:

The parties recognize that this is a dispute concerning the service areas to which Doña Ana is entitled to 7 U.S.C. § 1926(b) protection, but as a compromise to settle litigation, and only binding on the City and the Association,[3] and specifically not binding on Moongate, it is agreed the Association is entitled to 7 U.S.C. § 1926(b) protection within the geographical boundaries designated in the document attached hereto as Exhibit "A" (hereinafter "Association's Service Area"). The City shall not provide water service to any customer within the Association's Service Area either directly or through the grant of a franchise or similar means, without the express written consent of the Association. Notwithstanding this provision, the City intends to renegotiate a new franchise with Moongate, and the effect of such renewal or extension shall be resolved pursuant to Paragraph Number 3 herein. Doña Ana shall not submit this Agreement in litigation between the Association and Moongate for the purpose of arguing that the City's recognition of Doña Ana's §1926(b) protected service area is binding on Moongate.

(Settlement Agreement at 1-2.)

Paragraph 3 of the Settlement Agreement states:

There is a disagreement between the parties as to whether Moongate may have a right to sell water within certain portions of the Association's Service Area. The City is

---

[3] The Settlement Agreement refers to Doña Ana as both the "Association" and "Doña Ana."

currently negotiating with Moongate for a non-exclusive franchise to sell water in a certain area, a portion of which is located within the Association's Service area. Moongate's present franchise with the City expired on December 31, 2002. The City has previously advised Moongate that Moongate will have a month-to-month franchise upon expiration of the existing franchise on December 31, 2002, pending renegotiation of a new franchise. It is the Association's position that the City's granting of and/or renewal of a franchise with Moongate for it to provide water service within the Association's Service Area may violate the Association's claimed rights pursuant to 7 U.S.C. § 1926(b). This dispute relating to whether the franchise or renewed franchise granted by the City to Moongate is void as a violation of 7 U.S.C. § 1926(b), and/or whether Moongate has the right to sell water within any portion of the Association's Service Area with or without a franchise from the City, is to be resolved between the Association and Moongate, and the determination of such issue by a court of competent jurisdiction or by settlement between Moongate and the Association shall be binding upon the City.

(Settlement Agreement at 2-3.)

In the release, Doña Ana reserved "its rights and claims related to City's grant or extension of a franchise to Moongate." (Settlement Agreement at 9-10.)

On March 21, 2005, Doña Ana filed a motion to enforce the Settlement Agreement in the instant case. The matter was referred to the Honorable Karen B. Molzen, United States Magistrate Judge, for resolution. In June and July 2005, Judge Molzen held multiple mediation sessions with Doña Ana and City. These efforts resulted in the Second Addendum to Agreement of Compromise, Settlement and Release and Revocation of Agreements Pertaining to Sandhill Heights Subdivision and Park Hill Estates ("Second Addendum"). The Second Addendum resolves several matters in dispute, only one of which is relevant herein.

The relevant portion of the Second Addendum designates the areas at issue as "Areas 2b, 3b, 2a and 3a," as identified on Exhibit E-1. The Second Addendum provides that City may serve water to customers in Areas 2b and 3b, and that City may connect customers for water service in Areas 2a and 3a as long as the NMPRC order that precludes Doña Ana from servicing Areas 2a and 3a remains

4

in effect and enforceable.[4]

On November 22, 2005, City and Doña Ana filed a Joint Motion to Enter Supplemental Judgment Pursuant to the Parties' Second Addendum to the Settlement Agreement. On the same day, Moongate filed a motion to intervene.

On February 24, 2006, the Court held an informal hearing with counsel on the motion to intervene and to clarify the area in dispute. At the informal hearing, the parties withdrew their objections to intervention. Moongate was permitted to intervene and the parties submitted overlay maps that clearly delineate the area at issue.

Moongate filed a Complaint-in-Intervention, seeking a declaration that it is a third-party beneficiary to the Settlement Agreement, and that the Settlement Agreement cannot be modified without its consent. City and Doña Ana filed separate answers. Doña Ana's answer included several "Affirmative Defenses/Counterclaims."

Moongate moved for summary judgment that it is a third-party beneficiary to the Settlement Agreement and filed a response in opposition to the joint motion to enter supplemental judgment.

## II. Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir.2000) (quoting

---

[4] At the time the Second Addendum was negotiated, Doña Ana's appeal of the NMPRC order was pending. On June 20, 2006, the New Mexico Supreme Court affirmed the NMPRC order. (Doc. 125.)

Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Id*.

**III.  Discussion.**

    **A.  Moongate is a Third-Party Beneficiary to the Settlement Agreement.**

Moongate argues that it is a third-party beneficiary to the Settlement Agreement.[5]  "There are two classes of third-party beneficiaries: intended beneficiaries and incidental beneficiaries."  *Tarin's, Inc. v. Tinley*, 129 N.M. 185, 191, 3 P.3d 680, 686 (Ct. App. 1999) (*citing* Restatement (Second) of Contracts § 302 (1981)).  Only intended beneficiaries can seek enforcement of a contract.  *Tarin's, Inc.*, 129 N.M. at 191, 3 P.3d at 686 (*citing Stotlar v. Hester*, 92 N.M. 26, 30, 582 P.2d 403, 407 (Ct. App. 1978); *Permian Basin Investment Corp. v. Lloyd*, 63 N.M. 1, 7, 312 P.2d 533, 537 (1957)).  The promisor must have "had reason to know the benefit was contemplated by the promisee as one of the motivating causes for entering the contract."  *Stotlar*, 92 N.M. at 30, 582 P.2d at 407.

The key question is whether the actual parties to the contract intended to benefit the third-party.  *Callahan v. New Mexico Federation of Teachers-TVI*, 139 N.M. 201, 131 P.3d 51 (2006) (*citing Fleet Mortgage Corp. v. Schuster*, 112 N.M. 48, 49-50, 811 P.2d 81, 82-83 (1991); *Leyba v. Whitley*, 120 N.M. 768, 773, 907 P.2d 172, 177 (1995)).  The burden is on the entity claiming to be a third-party beneficiary to show that the parties to the contract intended to benefit it.  *Tarin's, Inc.*, 129 N.M. at 191, 3 P.3d at 686.  The intent to benefit the third-party "must appear

---

[5] In January 2005, Moongate filed suit against City in state court, alleging third-party beneficiary rights under the Settlement Agreement.  *See Moongate Water Company, Inc. v. City of Las Cruces*, CV 05-135, Third Judicial District ("State Case").  The State Case did not include Doña Ana.  On October 24, 2005, Judge Robert E. Robles granted Moongate's motion for summary judgment, determining that Moongate was a third-party beneficiary to the Settlement Agreement and that City was barred from serving the area it gave up in the Settlement Agreement.  Moongate does not argue that the decision in the State Case is binding herein.  Indeed, that decision is not binding herein because Doña Ana was not a party to the state case.  *See B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 439 F.3d 653, 662 (10th Cir.2006) (reciting elements of collateral estoppel).

either from the contract itself or from some evidence that the person claiming to be a third-party beneficiary is an intended beneficiary." *Callahan*, 139 N.M. at 208, 811 P.2d at 58.

In the Settlement Agreement, City acknowledged that Doña Ana claimed § 1926(b) protection as to Doña Ana's claimed service area, that the dispute between Doña Ana and Moongate would be resolved between Doña Ana and Moongate, and that City would be bound by the resolution of the dispute. City promised that it would be bound by the outcome of the dispute between Doña Ana and Moongate, regardless of which of the two entities prevailed in the dispute. Clearly, Doña Ana and City intended, as of the execution of the Settlement Agreement, that Moongate would never have to litigate, *vis a vis* the City, any issue regarding water service in the claimed service area, if Moongate prevailed in its dispute with Doña Ana. While it may be obvious that both City and Doña Ana believed that Doña Ana would prevail in its dispute with Moongate, the parties may not now disavow their intention to benefit Moongate. While the conferring of the benefit on Moongate may have been unexpected, it cannot be said to have been unintended. Moongate is a third-party beneficiary to the Settlement Agreement.

**B.  The Motion to Strike Will Be Denied.**

In its motion to strike, City moved to exclude Exhibits 2-11 submitted by Moongate on the grounds that these exhibits are not properly authenticated. The objectionable evidence is neither helpful to Moongate nor implicated by the Court's Memorandum Opinion and Order. The motion to strike will be denied.

**C.  The Second Addendum Will Not Be Approved.**

Doña Ana and City have jointly requested that the Court approve the Second Addendum to the Settlement Agreement. The Second Addendum provides that City may serve water to customers

within the disputed area. This provision affects the benefit that Moongate received in the Settlement Agreement. In that Moongate is a third-party beneficiary to the Settlement Agreement, Doña Ana and City are unable to modify the Settlement Agreement without Moongate's consent. *See Leyba v. Whitley*, 120 N.M. 768, 907 P.2d 172 (1995) (stating that third-party beneficiary is accorded traditional contract remedies with respect to the bargain intended for its benefit). The Joint Motion to Enter Supplemental Judgment Pursuant to the Parties' Second Addendum to the Settlement Agreement is denied.

**WHEREFORE,**

**IT IS ORDERED** that Moongate's Motion for Summary Judgment (Doc. 102), filed on March 20, 2006, is **GRANTED.**

**IT IS FURTHER ORDERED** that City's Motion to Strike Exhibits (Doc. 116), filed on April 17, 2006, is **DENIED.**

**IT IS FURTHER ORDERED** that the Joint Motion to Enter Supplemental Judgment Pursuant to the Parties' Second Addendum to the Settlement Agreement (Doc. 83), filed on November 22, 2005, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**