# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DOÑA ANA MUTUAL DOMESTIC**
**WATER ASSOCIATION,**

      **Plaintiff,**

vs.                                                **No. CIV 02-0122 RB/KBM**

**CITY OF LAS CRUCES,**
**NEW MEXICO,**

      **Defendant.**
**AND**

**MOONGATE WATER COMPANY, INC.,**

      **Intervenor.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Intervenor's ("Moongate's") Verified Motion for Order Requiring City of Las Cruces to Show Cause (Doc. 129), filed on August 25, 2006, Plaintiff's ("Doña Ana's") Motion to Reconsider Interlocutory Order, or Alternatively, to Alter and Amend Judgment (Doc. 131), filed on August 30, 2006, and Defendant's ("the City's") Motion to Stay Enforcement of Judgment and to Waive Supersedeas Bond (Doc. 134), filed on September 8, 2006. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367.[1]

Having reviewed the submissions of the parties, and being otherwise fully advised, I hereby

---

[1] A district court can retain ancillary jurisdiction over a settlement agreement "if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (*citing Kokkonen v. Guardian Life Ins., Co.,* 511 U.S. 375, 381 (1994)). The Judgment, issued on May 30, 2003, incorporated the Settlement Agreement and expressly provided that this court would "retain jurisdiction to resolve any dispute between the parties relating to the [Settlement Agreement]." (Doc. 47.) Because the Judgment showed an intent to retain jurisdiction or incorporated the settlement agreement, this court has jurisdiction to enforce the Settlement Agreement. *Floyd v. Ortiz*, 300 F.3d 1223, 1226 n.3 (10th Cir. 2002).

deny Moongate's motion for order requiring the City to show cause, deny Doña Ana's motion to reconsider, and grant the City's motion to stay enforcement of judgment and waive bond.

**I. Background.**

At issue is the interpretation of a settlement agreement between Doña Ana and the City. Except to the extent necessary, the facts and procedural posture of the case set forth in my Memorandum Opinion and Order (Doc. 127), dated August 16, 2006 ("MOO"), will not be repeated here.

On May 23, 2003, City and Doña Ana filed a Motion to Enter Agreed Judgment Pursuant to Settlement Agreement. The Judgment was issued on May 30, 2003. (Doc. 47.) On March 21, 2005, Doña Ana filed a Motion to Enforce the Settlement Agreement. (Doc. 60). The matter was referred to the Honorable Karen B. Molzen, United States Magistrate Judge, for resolution. In June and July 2005, Judge Molzen held multiple mediation sessions with Doña Ana and City. These efforts resulted in a Second Addendum to Agreement of Compromise, Settlement and Release and Revocation of Agreements Pertaining to Sandhill Heights Subdivision and Park Hill Estates ("Second Addendum"). Doña Ana filed a Motion to Enforce the Settlement Agreement, which was denied without prejudice to its ability to refile the motion in the event the Second Addendum was not approved by Doña Ana's Board and the City Council.

The Second Addendum addressed several disputed matters. The relevant portion of the Second Addendum designates the areas at issue as "Areas 2b, 3b, 2a and 3a," as identified on Exhibit E-1. The Second Addendum provides that City may serve water to customers in Areas 2b and 3b, and that City may connect customers for water service in Areas 2a and 3a as long as the NMPRC

order that precludes Doña Ana from servicing Areas 2a and 3a remains in effect and enforceable.[2]

On November 22, 2005, City and Doña Ana filed a Joint Motion to Enter Supplemental Judgment Pursuant to the Parties' Second Addendum to the Settlement Agreement. On the same day, Moongate filed a motion to intervene.

On February 24, 2006, the Court held an informal hearing with counsel on the motion to intervene and to clarify the area in dispute. At the informal hearing, the parties withdrew their objections to intervention and Moongate was permitted to intervene.

Moongate filed a Complaint-in-Intervention, seeking a declaration that it is a third-party beneficiary to the Settlement Agreement, and that the Settlement Agreement cannot be modified without its consent. Moongate moved for summary judgment that it is a third-party beneficiary to the Settlement Agreement and filed a response in opposition to the joint motion to enter supplemental judgment.

In the MOO, I determined that Moongate is a third-party beneficiary to the Settlement Agreement and Doña Ana and City were unable to modify the Settlement Agreement, as provided in the Second Addendum, without Moongate's consent. Accordingly, I granted Moongate's motion for summary judgment, and denied the joint motion to enter judgment pursuant to the Second Addendum.

On September 8, 2006, the City filed a notice of appeal with respect to the MOO. On October 6, 2006, the Tenth Circuit held the appeal in abeyance pending notification of my disposal of the motion to reconsider. (Doc. 152.)

---

[2] At the time the Second Addendum was negotiated, Doña Ana's appeal of the NMPRC order was pending. On June 20, 2006, the New Mexico Supreme Court affirmed the NMPRC order. (Doc. 125.)

**II. Discussion.**

In its Motion to Reconsider Interlocutory Order, or Alternatively, to Alter and Amend Judgment, Doña Ana asks me to sever the provisions of the Second Addendum that affect Moongate, (those that pertain to water service east of Interstate 25) from the provisions of the Second Addendum that do not affect Moongate (those that pertain to water service west of Interstate 25 and all wastewater service). In the alternative, Doña Ana requests leave to refile its Motion to Enforce the Settlement Agreement. Both the City and Moongate oppose Doña Ana's requests.

Under the Second Addendum, the City agreed to provide interim wastewater services sought by Doña Ana to substantial portions of Doña Ana's service territory and, in return, Doña Ana consented to the City providing water service to other portions of Doña Ana's claimed service area. Moongate seeks to provide water service to a portion of the same water service area as a third- party beneficiary to the Settlement Agreement. In that the City would lose part of the benefit of the bargain, severance of the Second Addendum, as proposed by Doña Ana, would be unfair to the City. Doña Ana's request to sever the provisions of the Second Addendum that affect Moongate from the provisions of the Second Addendum that do not affect Moongate is denied.

In the alternative, Doña Ana requests leave to refile its Motion to Enforce the Settlement Agreement. The original motion was denied without prejudice to its ability to refile the motion in the event the Second Addendum was not approved by Doña Ana's Board and the City Council. The Board and the City Council approved the Second Addendum. Thus, the Motion to Enforce the Settlement Agreement is no longer pending. Because Moongate is a third-party beneficiary to the Settlement Agreement, the Settlement Agreement, as it affects Moongate, cannot be modified without the consent of Moongate. The City has appealed the third-party beneficiary ruling to the Tenth

Circuit. In the interests of judicial economy, additional proceedings concerning the Settlement Agreement should await the Tenth Circuit's resolution of the appeal. Doña Ana's request to refile its Motion to Enforce the Settlement Agreement is denied pending the outcome of the appeal.

In its Verified Motion for Order Requiring City of Las Cruces to Show Cause, Moongate seeks to require the City to show cause why it should not be held in contempt on the premise that the MOO and the Judgment of May 30, 2003 required the City to transfer City water service customers within the disputed service area to Moongate. The City moved to stay enforcement of the MOO, on the grounds that the prior rulings did not require such transfer. None of the rulings of this court required the City to transfer water service customers to Moongate or take any other affirmative action. Thus, Moongate's Verified Motion for Order Requiring City of Las Cruces to Show Cause is denied. Because the MOO did not order any affirmative relief, a stay is unnecessary. Any additional proceedings in the district court should await the Tenth Circuit's ruling on the appeal. The City's motion for stay will be granted and the City will not be required to post a bond.

**WHEREFORE,**

**IT IS ORDERED** that Moongate's Verified Motion for Order Requiring City of Las Cruces to Show Cause (Doc. 129), filed on August 25, 2006, is **DENIED,** Doña Ana's Motion to Reconsider Interlocutory Order, or Alternatively, to Alter and Amend Judgment (Doc. 131), filed on August 30, 2006, is **DENIED**, and the City's Motion to Stay Enforcement of Judgment and to Waive Supersedeas Bond (Doc. 134), filed on September 8, 2006, is **GRANTED.**

 

_/s/ Robert Brack_

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**